# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 15, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAMON CHAIDES-CORRAL,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:11-CR-939-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Ramon Chaides-Corral appeals the sentence imposed following his

guilty-plea conviction of being an alien present in the United States after previ-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ously having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Chaides-Corral to fifty-seven months of imprisonment and a two-year term of supervised release ("SR").

Chaides-Corral contends that the court erred by imposing SR in light of amended U.S.S.G. § 5D1.1(c), which became effective two months before he was sentenced and provides that "[t]he court ordinarily should not impose a term of [SR] in a case in which [SR] is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." § 5D1.1(c). Chaides-Corral also argues that the court plainly erred by failing adequately to explain why it was imposing SR notwithstanding advice in the sentencing guidelines and by failing to give notice of its intent to depart from the guidelines. He further maintains that his sentence is substantively unreasonable because the court failed to account for the recommendation in § 5D1.1(c), which he argues was a sentencing factor that should have received significant weight.

In reviewing a sentence, we first examine whether the district court committed significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the decision is procedurally sound, we consider its substantive reasonableness. *Id.*

Chaides-Corral objected only generally to the reasonableness of his sentence and not on the grounds he raises on appeal. The government asserts that Chaides-Corral invited the error by conceding that the presentence report ("PSR")—which noted the applicable statutory and guidelines provisions for SR —was properly calculated. The record, however, does not reflect that Chaides-Corral conceded that SR should be imposed; it shows that he merely failed to object to a specific issue.

Thus, because Chaides-Corral lodged only a general objection to reasonableness, review is for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish that, he must show a forfeited error that

is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Chaides-Corral cannot show that the district court committed clear error in imposing SR. Section 5D1.1(c)'s advice against imposing SR is hortatory rather than mandatory. *Dominguez-Alvarado*, 695 F.3d at 329. Further, notwithstanding the recent addition of the provisions of § 5D1.1(c), a "departure analysis" is not triggered where, as here, the district court imposes a term of SR that is within the statutory and guidelines range for the offense of conviction. *Id.* Thus, Chaides-Corral's assertion that the imposition of SR was a departure for which the court was required to give notice and provide explanation is unavailing. *See id.*

Further, the explanation for the sentence was adequate, under the circumstances, to justify SR. The court implicitly considered Chaides-Corral's history and characteristics and the need for deterrence.

As for Chaides-Corral's argument that his sentence was substantively unreasonable because the court failed to account for a factor that should have received significant weight, the court adopted the PSR report and provided adequate reasons for imposing SR. Moreover, because the two-year term of SR is within the statutory and guidelines range for the offense of conviction, it is presumptively reasonable, so we infer that the court took into account all pertinent sentencing considerations. *See Dominguez-Alvarado*, 695 F.3d at 329-30; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

The judgment of sentence is AFFIRMED.